IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMONA P. MONTANO,

       **Plaintiff,**

vs.                                                                                                      No. CIV 02-1167 LCS

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MEMORANDUM OPINION

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 13), filed January 31, 2003. The Commissioner of Social Security issued a final decision denying Plaintiff's application for disability insurance benefits. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), having considered the Motion, arguments of counsel, administrative record, and applicable law, finds that Plaintiff's Motion to Reverse and Remand for a Rehearing should be **GRANTED**.

**Procedural Background**

Plaintiff, now forty-five years old, filed her application for disability insurance benefits on February 11, 2000, alleging disability commencing on January 11, 2000, due to carpel tunnel syndrome, bursitis, tendinitis, back injury, neck injury, and constant pain in the hands, wrists and elbows. Plaintiff has a tenth grade education, and past relevant work as a dietary aide, dishwasher and cook.

The Commissioner denied Plaintiff's application for benefits both initially and on reconsideration. The Commissioner's administrative law judge (ALJ) held a hearing and received

testimony from Plaintiff. At the hearing, Plaintiff was represented by a non-attorney. The ALJ issued her decision on August 20, 2000, analyzing Plaintiff's claim according to the sequential analysis set forth in 20 C.F.R. § 416.920(a)-(f).

At the first step of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. At the second step, the ALJ determined that Plaintiff had severe impairments consisting of status post slip and fall with cervical sprain and aggravation of upper extremity pain, status post slip and fall with mechanical strain to the lumbosacral spine, status post right carpal tunnel release, and low back pain with radicular features. At the third step of the sequential analysis, the ALJ found that the severity of Plaintiff's impairments did not meet or medically equal any of the impairments found in the Listing of Impairments, Appendix 1 to Subpart P, 20 C.F.R. §§ 404.1501-.1599.

Significantly, the ALJ found that Plaintiff's allegations of disabling pain were not credible because she exaggerated her complaints of pain and demonstrated extreme symptom magnification. The ALJ determined that Plaintiff had the residual functional capacity for light work with avoidance of repetitive flexion and extension of the elbows and wrists as well as repetitive forceful tight grip with her hands. At step four, the ALJ found that Plaintiff could return to her past relevant work as a receptionist. Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's the request for review. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. §405(g).

**Standard of Review**

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether correct legal standards were applied.

*Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotations omitted). Evidence is not substantial if it is overwhelmingly contradicted by other evidence. *See O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (citation omitted). The district court reviews of the entire record, and may not reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir.1991).

## Discussion

Plaintiff argues that the ALJ's finding that she can perform her past relevant work as a receptionist is unsupported by substantial evidence and is contrary to law, that the ALJ's finding that she can perform light work is unsupported by substantial evidence, and that the ALJ's credibility finding is unsupported by substantial evidence and is contrary to law.

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (citing 42 U.S.C. § 423(d)(1)(A)). At the first four levels of the sequential evaluation process, the claimant must show that she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. § 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show

that the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

Plaintiff argues that the ALJ erred in finding that she could return to her past relevant work as a receptionist because she never worked as a receptionist. Plaintiff testified that she injured her back when she slipped on a piece of cake during the course of her employment as cook at HealthSouth Rehabilitation Center. After the injury, HealthSouth assigned Plaintiff to "light duty" for a year and ten months. (R. at 29.) While on light duty, Plaintiff delivered messages, ran copies, shredded paper and sat at the front desk to greet people. (R. at 29 and 89.) Plaintiff "sometimes" answered phones when other employees were out sick. (R. at 32.) HealthSouth ultimately terminated Plaintiff because it did not have a permanent light duty position and Plaintiff was unable to return to her past work as a cook due to her physical limitations. (*Id.*) Based on this evidence alone, the ALJ concluded that Plaintiff's past relevant work included work as a receptionist and that she could return to this past relevant work. (R. at 14.)

Step Four of the sequential analysis is comprised of three phases. *Doyal v. Barnhart*, ___ F.3d ____, slip op. at 3 (10th Cir. Jun. 10, 2003); *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). In the first phase, the ALJ must evaluate the claimant's physical and mental residual functional capacity. *Winfrey*, 92 F.3d at 1023 (*citing Henrie v. Dep't of Health & Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993)). In the second phase, the ALJ must determine the physical and mental demands of the claimant's past relevant work. *Winfrey*, 92 F.3d at 1023. In the final phase, the ALJ determines whether the claimant has the ability to meet the job demands found in phase two despite the mental and/or physical limitations found in phase one. *Doyal*, slip op. at 3; *Winfrey*, 92 F.3d at 1023. In this case, the ALJ made the ultimate determination without adequate inquiry into the issues

on which the determination was predicated.

The ALJ has a duty to develop the record regarding the requirements of a claimant's past work. *Henrie*, 13 F.3d at 360-61. This duty encompasses the obligation to inquire into and make findings regarding the physical and mental demands of the past work. *Id.* To make these findings, the ALJ must obtain adequate "factual information about those work demands which have a bearing on the medically established limitations." *Winfrey*, 92 F.3d at 1023. In this case, the ALJ failed to make any findings regarding the physical and mental demands of the light duty position. There is no evidence in the record regarding the physical and mental demands of a job as a receptionist. Additionally, there is no evidence that the special light duty position to which Plaintiff was assigned after her accident equated to a regular job as a receptionist. A remand is required for the ALJ to fully develop the record, to complete the *Winfrey* analysis, or to obtain vocational expert testimony in the event that the case proceeds to Step Five.

Plaintiff argues that the ALJ's light work finding is unsupported because the ALJ failed to consider Plaintiff's problems with manual dexterity. Plaintiff has a long, well-documented history of carpel tunnel syndrome. (R. at 102-146.) In 1995, Plaintiff underwent surgical carpel tunnel release with good results, but continued to have problems with pain, numbness and tingling in her wrists and hands. (R. at 103; 110; 188-190). A claims adjuster reported that Dr. Diskant opined that Plaintiff should avoid reaching above 90 degrees, overuse of her arms, repetitive flexion and extension of the wrists and elbows and repetitive forceful tight gripping. (R. at 112.) The ALJ incorporated the portion of Dr. Diskant's opinion regarding avoidance of repetitive flexion and extension of the elbows and wrists and forceful tight gripping, but did not discuss the other limitations mentioned by Dr. Diskant. The ALJ also failed to address additional limitations imposed by treating physicians.

5

On September 16, 1998, treating physician Eva C. Pacheco, M.D. wrote that Plaintiff should avoid continuous writing. (R. at 141.) On December 31, 1998, treating physician Andrew P. Reeve, M.D. wrote that Plaintiff was restricted from menu writing. (R. at 126.) On January 17, 2000, Dr. Reeve stated that Plaintiff was unable to work as "communication /receptionist" because it involved "[t]oo much repetitive activity." (R. at 102.) The ALJ did not address these opinions.

A treating physician's opinion must be given substantial weight unless good cause is shown to disregard it. *See Goatcher v. Dep't of Health & Human Servs.*, 52 F.3d 288, 289 (10th Cir. 1995). However, this deference is premised on several factors, including the degree to which the physician's opinion is supported by relevant evidence, the consistency between the opinion and the record as a whole and whether the physician is a specialist in the area upon which an opinion is rendered. *Goatcher*, 52 F.3d at 290 (citing 20 C. F. R. §404.1527(d)(2)-(6)). The ALJ may disregard the opinion of a treating physician where it is unsupported by relevant evidence, inconsistent with the record as a whole, or if other factors contradict the opinion. *Goatcher*, 52 F.3d at 290. On remand, the ALJ should assess the opinions of Plaintiff's treating physicians in accordance with relevant legal authorities and reevaluate Plaintiff's residual functional capacity.

Plaintiff asserts that the ALJ's erred in assessing her credibility with respect to her complaints of disabling pain. "Credibility determinations are peculiarly the province of the finder of fact," and will not be overturned if supported by substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995); *Diaz v. Sec'y of Health and Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990). However, "'[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" *McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002) (*quoting Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir.1988)). When evaluating a claim of

disabling pain, the ALJ must consider (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain, and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. *Kepler*, 68 F.3d at 390 (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987)).

Plaintiff injured her back when she fell at work, (R. at 102-103), and she has a long history of severe carpel tunnel syndrome. (R. at 102-146; 186-197.) Plaintiff's symptoms of pain in her back, shoulder, elbow, and wrist as well as the tingling in her lower arms have the requisite loose nexus to the fall and the carpel tunnel syndrome, thereby satisfying the first two *Luna* factors. The ALJ was therefore required to consider Plaintiff's assertions of severe pain and to decide whether she believed them. *Kepler* at 390. Thus, the ALJ was required to evaluate Plaintiff's use of pain medication, her attempts (medical or non-medical) to obtain relief, the frequency of her medical contacts, and the nature of her daily activities, as well as subjective measures of credibility including the consistency or compatibility of non-medical testimony with the objective medical evidence. *Id.* at 391 ("*Luna* factors"). Although *Kepler* does not require a formal recitation of the *Luna* factors, the ALJ must set forth the specific evidence relied upon in evaluating the claimant's credibility. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). Where testimony primarily concerns subjective pain, the ALJ must articulate specific reasons for questioning the claimant's credibility. *Kepler*, 68 F. 3d at 391. The ALJ did not apply the *Luna* factors, but instead found that Plaintiff was not credible based primarily on references to symptom magnification and claims of depressive symptoms. (R. at 13-14.)

While the record contains inconsistent statements and references to symptom magnification that tend to undermine Plaintiff's credibility, the ALJ should have applied the *Luna* factors. This

7

error was compounded by the fact that the record was not adequately developed when the ALJ assessed Plaintiff's credibility. On remand, the ALJ should reconsider the credibility determination in light of the entire record and apply the *Luna* factors.

**Conclusion**

Upon review of the administrative record and the arguments presented, the Court has determined that Plaintiff's Motion to Reverse and Remand for a Rehearing (Doc. 13), filed January 31, 2003, should be **GRANTED**. On remand, the ALJ will fully develop the record, complete the *Winfrey* analysis, obtain vocational expert testimony if the case proceeds to Step Five, assess the opinions of Plaintiff's treating physicians in accordance with relevant legal authorities, reevaluate Plaintiff's residual functional capacity, reconsider the credibility determination in light of the entire record and apply the entire *Luna* factors.

**AN ORDER OF REMAND CONSISTENT WITH THIS MEMORANDUM OPINION WILL ISSUE.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**
**BY CONSENT AND DESIGNATION**